JODY TRISTAN SMILEY and )
BEVERLY JO SIMPSON, )
)          Davidson Juvenile
Plaintiffs/Appellants, )          No. 9619-17777
)
VS. )
)          Appeal No.
STACY MARCH WALKER HANNAH, )          01A01-9704-JV-00164
in behalf of TRISTAN JAMES )
WALKER, )
)
Defendant/Appellee. )

FILED

January 16, 1998

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

### APPEAL FROM JUVENILE COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE ANDREW J. SHOOKHOFF, JUDGE

Edward J. Gross, #2872
Parkway Towers, Suite 1601
Nashville, TN 37219
ATTORNEY FOR PLAINTIFFS/APPELLANTS

Peggy D. Mathes, #5741
Washington Square Building, Suite 105
214 Second Avenue North
Nashville, TN 37201
ATTORNEY FOR DEFENDANT/APPELLEE

### AFFIRMED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE

CONCUR IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

| | | |
|---|---|---|
| **JODY TRISTAN SMILEY and** | ) | |
| **BEVERLY JO SIMPSON,** | ) | |
| | ) | **Davidson Juvenile** |
| **Plaintiffs/Appellants,** | ) | **No. 9619-17777** |
| | ) | |
| **VS.** | ) | |
| | ) | **Appeal No.** |
| **STACY MARCH WALKER HANNAH,** | ) | **01A01-9704-JV-00164** |
| **in behalf of TRISTAN JAMES** | ) | |
| **WALKER,** | ) | |
| | ) | |
| **Defendant/Appellee.** | ) | |

# O P I N I O N

In this legitimation proceeding, the father, Jody Tristan Smiley and his mother, Beverly J. Simpson, have appealed from the judgment of the Juvenile Court awarding custody of the child, Tristan James Walker, aged 6, to the mother Stacy March Walker Hannah, and specified visitation to the father, Jody Tristan Walker.

A detailed recitation of the background facts and proceedings in the Juvenile Court is necessary for a disposition of this appeal.

The child, Tristan, was conceived while the mother, Stacy and the father Jody, were classmates in high school.

The father, Jody, has lived with his mother, Mrs. Simpson, all his life in a home in which his mother operates a beauty salon.

At the time of the birth of the child, Tristan, the mother of the child, Stacy Walker, resided with her mother and father, Jerry and Lora Walker.

-2-

After the birth of the child, the mother of the child, Stacy, moved out of her parent's home to the apartment of a cousin from May to July, 1995; and thereafter mother and child lived with the father, Jody, and his mother, Mrs. Simpson. The mother, Stacy, and child, Tristan, moved back into the home of her parents from October to Christmas, 1995. From Christmas, to July 8, 1996, the mother, Stacy, lived with James Hannah. During this period, the mother, Stacy, frequently entrusted the child to its paternal grandmother, Mrs. Simpson, for day care and sometimes Stacy stayed with the child in Mrs. Simpson's home overnight.

On July 8, 1996, the mother, Stacy, and her live-in companion were married, Neither the briefs nor the record explain the use of the name, Walker, in identifying the child.

On July 11, 1996, the present proceeding was initiated, identifying the mother as Stacy Marcy Walker, and the child as Tristan James Walker. The petition of Jody and his mother alleged that bruises and contusions had been observed on the lower parts of the child's body and that the child was no longer left in the care of its father, Jody, and grandmother, Mrs. Simpson.

The petition prayed that Jody Smiley be adjudged to be the father of the child, that his name be changed to Tristan James Smiley and that birth records be adjusted accordingly. The petition also prayed that custody of the child be entrusted to the petitioners.

The answer of Stacy Marchelle Hannah, asserted that this was her correct name, admitted that Jody Smiley was the father of the child, Tristan, denied the alleged bruises and contusions, and denied that the name of the child should be changed. By counterclaim, the mother prayed for support for the child and attorneys fees.

Upon hearing the cause, the Juvenile Referee filed a final order stating:

> The Court therefore finds and decrees that Jody Tristan Smiley is the lawful father of Tristan James Walker, and that the relationship of parent and child is hereby established between them for all lawful purposes. Upon the

-3-

parties agreement announced in open court, the child's name is hereby changed to TRISTAN JAMES SMILEY.

- - - -

The Court finds that, since his birth, Tristan James Walker has spent substantial periods of time with both his mother and father, living in their respective homes for extended periods.

- - - -

Since primary care for the child in the father's home would be provided by the child's grandmother, and primary care for the child in his mother's home would be provided by his mother, the Court deems the mother's home to be the appropriate choice in this care. Custody of the child is therefore awarded to the child's mother.

- - - -

As of the date of this order, the child's father shall begin paying child support as required by the current Tennessee Child Support Guidelines. Based upon his income of $328.00 per week, his monthly child support obligation is hereby established at $243.00 plus 5% clerk's fee. His first payment shall cover the period beginning October 15, 1996 and ending November 15, 1996; that payment shall be due no later than November 1. All payments thereafter shall be due on the first of each month and will be paid by Income Assignment Order directed to his employer, Hornbuckle Plumbing Company. Additionally, Jody Smiley shall be required to maintain health insurance on the minor child and shall be responsible for payment of one-half of any medical or dental expenses not covered by his insurance. Additionally, Jody Smiley will cooperate with any procedure required for the child's mother to obtain a life insurance policy insuring the life of the father to cover the child support obligation in the event of his death prior the child's majority.

The father shall have visitation as follows:

(1) Every other weekend beginning at 5:00 p.m. on Friday until 6:00 p.m. on Sunday;

(2) Every Father's Day from 9:00 a.m. until 6:00 p.m. (Except when Father's Day falls on his scheduled weekend);

(3) Alternating holidays;

(4) The child's birthday alternating annually;

(5) One full week during each of the months of June, July and August each year, to be determined by agreement of the parties. If no agreement is reached by June 1st of each year, the visits shall begin at 6:00 p.m. on the first Sunday of each month, and end at 6:00 p.m. on the second Sunday of each month;

(6) Any other time by agreement of the parties.

> Court costs in this matter, in the amount of $75.00 are assessed jointed and severally against the father, Jody Smiley, and the paternal grandmother, Beverly Jo Simpson, for which execution may issue if necessary.

The Juvenile Judge affirmed the order of the Referee.

On appeal to this Court, the appellants present the following issues for review:

> 1.   The Court erred in finding that it was impossible to determine which parent had provided the majority of support and supplied the majority of parenting since the birth of the minor child.
>
> 2.   The Court erred in finding that there was no evidence to indicate that the mother of the child is incapable of providing for the needs of the child in her home.
>
> 3.   The Court erred in finding that both homes appeared equal in the capacity to provide a loving and appropriate atmosphere for the four (4) year old minor child. Therefore, custody should be awarded to the mother rather than the father because "primary care for the child in the father's home would be provided by the child's grandmother."

Appellants first complain of the finding that it was impossible to determine which parent had provided the majority of support and parenting. Rule 6(a)(1) of the Rules of this Court requires the appellant cite the page of the record where erroneous action of the Trial Court is recorded. No such citation is found in appellant's brief. No such erroneous action is found in the record.

The first issue therefore does not present ground for reversal.

Appellants next complain that the Juvenile Court failed to find that Mrs. Hannah was incapable of providing for the child in her home. i.e., that she was competent to care for the child. There is no citation to the record supporting this complaint, and the alleged finding is not found in the record.

No basis is found for reversal for this alleged error.

Finally, appellants insist that the Trial Court found that custody by the mother was preferable to custody by the father because the mother was a parent of the child and the grandmother was not. Until shown otherwise, courts must assume that parents are more suitable custodians because of the closer blood relationship and the natural tendency of a child to look to its parents for love and protection.

The evidence regarding the source of the child's bruises is controverted. Mrs. Simpson testified that the child was not injured while in petitioners custody and implied, (but did not prove), that Mr. Hannah perpetrated the injuries.

Mr. Hannah's response to the hearsay accusation of the child was, "maybe I did and maybe I didn't." However, the refusal to admit or deny under the circumstances was not an admission of guilt. The court should not have accepted such a noncommittal response, but, upon proper request, should have required an unconditional answer.

The mother of the child cites authorities holding that in adoptions and parental rights termination, a natural parent must be proven unfit before being deprived of parental rights. However, the present case is a legitimation case in which the contenders are both natural parents, the maternal grandmother has made common cause with her son, the natural father of the child, and the husband of the mother of the child has testified in support of her claims.

In the present case, the Trial Court found that neither natural parent of the child has been proven unfit. Even though the fitness of the maternal grandmother and the stepfather have not been shown to be equal, the Trial Judge was not able to find grounds to declare the natural mother unfit because of the conduct of her husband. The evidence does not preponderate against the finding of the Trial Court as to fitness of the natural parents, and the evidence does not justify

-6-

a reversal of the exercise of discretion by the Trial Judge in respect to principal custody. The decision of the Trial Court in respect to the credibility and weight of testimony is generally entitled to great weight on appeal. TRAP Rule 13(d); *Grand Valley Lakes Property Owners Assn., Inc., v. Cary*, Tenn. App. 1994, 897 S.W.2d 262; *Gilliam v. Gilliam*, Tenn. App. 1988, 776 S.W.2d 81.

The most appropriate admonition to all parties is found in *Nale v. Robertson*, Tenn. 1994, 871 S.W.2d 675 as follows:

> No reason occurs to this Court why a fit parent should be denied the privilege of parenthood merely because of birth out of wedlock. As previously stated, the denial of privilege of parenthood is based upon termination for unfitness.
>
> - - - -
>
> The Court recognizes that, in this case as in many others, resolution of the legal issues does not mediate the harm experienced by the parties. We, outside our role as judges, can only implore the healing balm of love which all the parties obviously have bestowed upon David.

All parties should be aware of the continuing power of the Trial Court to adjudge custody and visitation of this child in accordance with their future behavior and the best interests of the child.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against appellants and their surety. The cause is remanded to the Trial Court for further proceedings.

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

CONCUR IN SEPARATE OPINION
WILLIAM C. KOCH, JR., JUDGE